# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| PATRICK HENRY NELSON, | : | |
| Plaintiff, | : | |
| v. | : | 5:07-cv-427 (HL) |
| WILLIAM TERRY, Warden; VICTORIA MALONE, Medical Unit Director; and Officer ROACH, | : | |
| Defendants. | : | |

## O R D E R

The Recommendation of United States Magistrate Judge Claude W. Hicks, Jr., entered in this case on December 12, 2007 (doc. 11), is now before the Court. Having reviewed and carefully considered Plaintiff Patrick Henry Nelson's objections to the Magistrate Judge's Recommendation (doc. 12)–filed pursuant to 28 U.S.C. § 636(b)(1)–the Court concludes that certain modifications of the Recommendation be made.

In Plaintiff's Complaint (doc. 8), filed pursuant to 42 U.S.C. § 1983, he explained that he received a "neck sprain" on November 9, 2005. Plaintiff states that Officer Roach ordered two prisoners to walk him into the building. Plaintiff alleges that he told Officer Roach he was unable to lift his head and that his vision was dimming. However, according to plaintiff, Officer Roach ignored him. Plaintiff explains that unnamed medical personnel responded without a backboard. Plaintiff alleges that these actions resulted in aggravating his "neck sprain" to the point that he now suffers from a "permanent partial disability." Plaintiff further explains that he has had to undergo two surgeries as a result of Officer Roach's actions.

Although Plaintiff named Warden William Terry and Medical Unit Director Victoria Malone as Defendants in the heading of his complaint, he made no allegations against these individuals. The United States Magistrate Judge explained to Plaintiff that he could not prevail under 42 U.S.C. § 1983 on the basis of respondeat superior or supervisory liability and recommended dismissal of these defendants.

Pursuant to 28 U.S.C. § 636 (b)(1), plaintiff has submitted an Objection to the Magistrate Judge's Recommendation. In his Objection, Plaintiff alleges that Warden Terry and Director Malone are valid defendants because they failed to properly train and supervise Officer Roach. Moreover, Plaintiff alleges that Director Malone failed to properly train medical personnel to respond to medical emergencies. Additionally, Plaintiff states in his Objection that there has been a "parade of medical emergency injurys (sic) emanating from Officer Roach's exercise yard work area."

"A supervisor may be held liable under § 1983 in his or her individual capacity for the actions of a subordinate, but the standard is 'extremely rigorous.'" Bonner v. Chambers County, No. 3:04-CV-01229-WKW, 2007 U.S. Dist. LEXIS 54550, at *36 (M. D. Ala July 26, 2007) (quoting Braddy v. Florida Dep't of Labor & Empl. Sec., 133 F.3d 797, 802 (11th Cir. 1998)). As the United States Magistrate Judge previously explained, "[s]upervisory officials cannot be held liable for the acts of employees solely on the basis of respondent superior." Geter v. Wille, 846 F.2d 1352, 1354 (11th Cir. 1988). Plaintiff makes no allegation in his Complaint that Warden Terry or Director Malone personally participated in the events on November 9, 2005. Additionally, Plaintiff does not allege these two Defendants were even aware of his neck injury and the manner in which he was removed from the exercise yard.

Instead, Plaintiff relies on a theory that these defendants inadequately trained and supervised

their employees. "A failure to adequately train . . . employees constitutes an actionable policy or custom for § 1983 purposes 'only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact.'" Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1116 (11th Cir. 2005) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Such deliberate indifference can be shown when "the need for more or different training is obvious." Belcher v. City of Foley, 30 F.3d 1390, 1398 (11th Cir. 1994). As the Eleventh Circuit Court of Appeals explained in Williams v. Limestone County,

> [A] failure to train satisfies the subjective prong of the Eighth Amendment calculus, and imposes supervisory liability on a prison official, where that failure evinces a disregard of the strong likelihood that, absent such training, prison personnel would subject an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

198 Fed. Appx. 893, 896 (11th Cir. 2006) (unpublished opinion) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Assuming, without deciding, that Plaintiff's neck injury was a serious medical condition, the issue is whether Warden Terry and Director Malone's failure to train Officer Roach in emergency medical procedures demonstrated deliberate indifference to this condition. Plaintiff does allege a history of medical emergencies that occurred on "Officer Roach's exercise yard work area." A "history or pattern of jail personnel's deliberate indifference to inmates' serious medical needs" may "render obvious the need for additional or different medical training." Williams, 198 Fed. Appx. at 897. In such a situation, it is possible that by failing to ensure Officer Roach was properly trained in emergency situations, Warden Terry and Director Malone were deliberately indifferent to Plaintiff's

3

medical needs.

The Court is aware that it must construe Plaintiff's pro se allegations liberally. Haines v. Kerner, 404 U.S. 519 (1972). In doing so, the Court is unable to find that Plaintiff's allegations against Warden Terry and Director Malone are completely frivolous at this point in the litigation. "Generally, 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). Here, Nelson included allegations in his objection to the Magistrate Judge's Recommendation that, had they been properly pled, may be sufficient to state a claim against William Terry and Victoria Malone for failure to supervise. Therefore, it is the opinion of the undersigned that Nelson be allowed to amend his Complaint before Warden Terry and Director Malone are dismissed as Defendants.

Plaintiff shall have twenty days to amend his complaint to include the allegations against Warden Terry and Director Malone raised in his Objection to the Magistrate Judge's Recommendation. Once the complaint has been amended, the Court will review it to determine if the claims, as stated, are viable and whether Warden Terry and Director Malone should be served a copy of the amended complaint. If no timely amendment is received form Plaintiff, Warden William Terry and Medical Unit Director Victoria Malone will be dismissed from this action.

SO ORDERED, this 14th day of February, 2008.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

HL/cbb