IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

PATRICK HENRY NELSON,

                   Plaintiff

      VS.

WILLIAM TERRY, *et al.,*

              Defendants

NO.  5:07-CV-427 (HL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Plaintiff PATRICK HENRY NELSON filed the above-captioned lawsuit pursuant to 42 U.S.C.§1983 against numerous defendants alleging deliberate indifference to his serious medical needs.  Tab #1.  After an initial review and a court ordered amendment by the plaintiff, the undersigned ordered service upon defendants WILLIAM TERRY, VICTORIA MALONE, and OFFICER ROACH.  Currently before the court are a MOTION TO DISMISS filed by Officer ROACH (Tab #18) and a separate MOTION TO DISMISS filed by defendants MALONE and TERRY(Tab #32).  All defendants, in their respective motions, claim, *inter alia*, that plaintiff NELSON has failed to state a claim.  Plaintiff NELSON was ordered to and has filed a response to both motions.  Tab #25 and Tab #43.  Defendants subsequently filed replies to the plaintiff's responses.  Tab #27 and Tab #47.

## LEGAL STANDARDS

### A. MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).   Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### B. MEDICAL TREATMENT OF PRISONERS/ DELIBERATE INDIFFERENCE

To establish a valid claim for medical mistreatment or inadequate medical treatment under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To constitute deliberate indifference, a prisoner must show wanton conduct or conscious or callous indifference to his serious medical needs. Id.; see also *Zatler v. Wainwright*, 802 F.2d 397 (11th Cir. 1986).  Therefore, mere negligence is insufficient to state a claim of Constitutional magnitude.[1]

---

1 Vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994).

**FACTUAL BACKGROUND**

Plaintiff NELSON, an inmate in the custody of the Georgia Department of Corrections, filed the above-captioned lawsuit claiming that the defendants were deliberately indifferent to his serious medical needs.  Accepting the facts as pled by the plaintiff as true, the events giving rise to the plaintiff's claim are as follows: On or about November 9, 2005, plaintiff was in attendance at a game of softball in the prison's exercise yard.  At some point during the game, one of the players collided with the plaintiff.  Following this collision, plaintiff NELSON sat down to rest.  While seated, he noticed that his neck was sprained and painful and that he could not raise his head easily.  During this time, several inmates began to gather around the plaintiff.  Defendant ROACH approached the crowd, saw that the plaintiff was injured, and instructed two inmates to lift the plaintiff up and carry him to the building for medical attention. Plaintiff NELSON protested ROACH's decision to have him moved and stated that he could not walk.  Once inside the building, plaintiff was placed on a wheeled table and taken to the prison medical unit for treatment.  Later, on November 14, 2005 and March 9, 2006 plaintiff was taken to an Atlanta hospital where he underwent surgery presumably related to the instant injuries.  Plaintiff claims that even after the surgeries he suffers from a permanent partial disability stemming from the complained of incident.

**DISCUSSION**

Plaintiff NELSON claims that defendant ROACH was deliberately indifferent in having him carried into the building without using a backboard and that this movement  "aggravated" his "neck sprain" causing a more serious injury.  Plaintiff avers that defendants TERRY and MALONE are liable for this injury because, as supervisors, they were aware that injuries were occurring on the exercise yard and failed to properly train defendant ROACH on how to respond properly thereto.

In response to the allegations against him, defendant ROACH filed a motion seeking dismissal on the basis of qualified immunity and the plaintiff's failure to sufficiently state a claim. In support of his argument that plaintiff failed to state a claim, defendant ROACH points out that plaintiff NELSON has failed to make the requisite allegation that defendant ROACH acted or failed to act in a way that evidences conscious, callous, or unreasonable indifference to plaintiff's safety or medical needs.  Moreover, defendant ROACH avers that his decision to respond to the plaintiff's injury by having him immediately carried to the medical unit for care and treatment was both reasonable and appropriate under the circumstances.  As such, defendant ROACH contends that the plaintiff's claims against him should be dismissed.  The undersigned agrees.  At most, defendant ROACH's decision to have the plaintiff carried inside without the use of a backboard was negligent, not deliberately indifferent.  As allegations of negligence are not sufficient to state an Eighth Amendment claim, it is the opinion of the undersigned that plaintiff's claims against defendant ROACH should be dismissed.

In light of the above conclusion that the plaintiff has failed to allege any constitutionally violative conduct on the part of defendant ROACH, and because plaintiff's theory of liability with respect to defendants MALONE and TERRY is premised not upon their personal participation in his  injury but upon their positions as supervisors of defendant ROACH, plaintiff's claims against defendants TERRY and MALONE must also fail.  *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).

Accordingly, IT IS **RECOMMENDED** that the defendants' motions seeking summary judgment be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 27th day of FEBRUARY, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE